# United States Court of Appeals
### For The District of Columbia Circuit

_____

No. 15-5028                           September Term, 2014

1:14-cv-01081-RJL

Filed On: June 8, 2015

William Sumner Scott,

        Appellant

     v.

Steven A. Frankel, Esquire and Commodity Futures Trading Commission,

        Appellees

      **BEFORE:**    Griffith, Srinivasan, and Pillard, Circuit Judges

## O R D E R

     Upon consideration of the motions for summary affirmance, the oppositions thereto, and the reply; and the motion to strike the response and the opposition thereto, it is

     **ORDERED** that the motion to strike be denied. See Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd., 647 F.2d 200, 201 (D.C. Cir. 1981) ("[M]otions to strike, as a general rule, are disfavored."). It is

     **FURTHER ORDERED** that the motions for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant challenges the district court's dismissal of his complaint by arguing the court should have applied an exception to the Rooker-Feldman doctrine for "extrinsic fraud." See, e.g., Kougasian v. TMSL, Inc., 359 F.3d 1136, 1141 (9th Cir. 2004) ("Rooker-Feldman . . . does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court . . . ."). Even were the court to recognize such an exception, however, appellant has failed to show that it would be applicable to the circumstances of this case. "Extrinsic fraud is conduct which prevents a party from presenting his claim in court," id. at 1140, yet appellant has not suggested any reason why he could not have presented his claims of fraud in the state court disciplinary proceeding.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 15-5028**                                                    **September Term, 2014**

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**<u>Per Curiam</u>**
